# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

| | |
|---|---|
| ENVIRO TECH CHEMICAL SERVICES, INC., | §§§§ |
| *Plaintiff*, | § Civil Action No. 4:21-cv-000601-BRW |
| v. | §§ JURY TRIAL DEMANDED |
| SAFE FOODS CORPORATION, | §§§ |
| *Defendant*. | § |

## DEFENDANT'S ANSWER AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT

Defendant Safe Foods Corp. ("Safe Foods") hereby answers and asserts affirmative defenses to Plaintiff Enviro Tech Chemical Services, Inc.'s ("Enviro Tech") Complaint for Patent Infringement and files the Counterclaims enumerated below. Safe Foods denies all allegations in the Complaint and all characterizations not specifically admitted. Allegations to which no response is required are denied and deemed denied. Fed. R. Civ. P. 8(b)(6).

## NATURE OF THIS ACTION

1.  Safe Foods admits that Enviro Tech brings an action in which Enviro Tech asserts infringement of U.S. Patent No. 10,912,321 ("321 Patent" or "Asserted Patent"). Safe Foods denies that it engages in or has engaged in any infringing conduct related to the '321 Patent. As such, Safe Foods denies that Enviro Tech is entitled to any damages or to an injunction.

## PARTIES

2.  Safe Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Complaint and therefore denies those allegations.

1

3. Safe Foods denies that it is a corporation organized and existing under the laws of the State of Arkansas. Otherwise, admitted.

## JURISDICTION AND VENUE

4. Safe Foods admits that Enviro Tech's Complaint purports to state a cause of action for patent infringement under the patent laws of the United States. Safe Foods denies that it has committed any acts of infringement and further denies that Enviro Tech states a valid claim for relief.

5. Safe Foods admits that this Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a) because Enviro Tech's Complaint purports to state a cause of action for patent infringement under the patent laws of the United States. Safe Foods denies that it has committed any acts of infringement.

6. Safe Foods does not "reside" in this District and has not committed acts of infringement in this District and therefore denies the allegation in Paragraph 6 of the Complaint.

7. Safe Foods does not "reside" in this District as required under 28 U.S.C. § 1400 and has not committed acts of infringement in this District and therefore denies the allegation in Paragraph 7 of the Complaint.

## ENVIRO TECH AND THE '321 PATENT

8. Safe Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint and therefore denies those allegations.

9. Safe Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint and therefore denies those allegations.

10. Safe Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint and therefore denies those allegations.

11. Safe Foods admits that, on its face, the '321 Patent identifies Enviro Tech as the assignee. Otherwise, Safe Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained within Paragraph 11 of the Complaint and therefore denies those allegations.

12. Denied.

13. Denied.

14. Denied.

15. Denied.

16. The allegations in Paragraph 16 of the Complaint call for a legal conclusion to which no response is presently required. To the extent a response is required, denied.

17. The allegations in Paragraph 17 of the Complaint call for a legal conclusion to which no response is presently required. To the extent a response is required, denied.

18. Denied.

19. Paragraph 19 of the Complaint purports to excerpt a single phrase from a purported Draft FSIS Compliance Guideline for Controlling Salmonella and Campylobacter in Raw Poultry The cited document, which is not attached to the Complaint, speaks for itself. . Otherwise, Safe Foods denies the allegations of Paragraph 19 of the Complaint, including Enviro Tech's accompanying conclusions and any allegations regarding the cited document.

20. Safe Foods admits that the '321 Patent describes certain instances where peracetic acid ("PAA") and alkaline sources are used in the treatment of poultry. Otherwise, denied.

21. Safe Foods admits that, on its face, the '321 Patent identifies an issuance date of February 9, 2021 and identifies that the '321 Patent issued from U.S. Patent Application No. 13/199,029 having a filing date of August 16, 2011. Safe Foods denies that the '321 Patent was validly issued.

22. Safe Foods admits that, on its face, the '321 Patent identifies that U.S. Patent App. No. 13/1999,029, which issued as the '321 Patent, is asserted to be a continuation-in-part of U.S. Patent App. No. 13/065,553 having a filing date of March 24, 2011. Otherwise, Safe Foods currently lacks knowledge or information sufficient to form a belief as to whether any claim of priority is appropriate and therefore denies those allegations.

23. Safe Foods admits that Paragraph 23 of the Complaint purports to contain a recitation of claim 1 of the '321 Patent, but Safe Foods denies the allegations of Paragraph 23 to the extent claim 1 from the '321 Patent is not reproduced verbatim.

24. Safe Foods admits that claim 1 is not the sole claim of the '321 Patent. Otherwise, denied.

25. The allegations in Paragraph 25 of the Complaint call for a legal conclusion to which no response is presently required. To the extent a response is required, denied.

**DEFENDANT'S CONDUCT**

26. Safe Foods admits that Safe Foods provides certain products and/or certain services to certain businesses in the food industry, the nature of such certain products and/or certain services varying depending on the specific requests of the customer. Otherwise, Safe Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained within Paragraph 26 of the Complaint and therefore denies those allegations.

27. Safe Foods admits that Safe Foods provides certain products to certain businesses in the food industry, the nature of such certain products varying depending on the specific requests of customers. Otherwise, denied.

28. Safe Foods admits that certain of its customers have systems to cool and clean poultry carcasses after slaughter. Safe Foods denies affiliation or control over these customers and otherwise denies the allegations of Paragraph 28 of the Complaint.

29. Safe Foods admits that for certain customers it sells PAA and alkaline products that the customer uses in chillers for poultry processing. Safe Foods admits that for certain of such certain customers it also sells equipment related to the use of the PAA and alkaline products that the customers use at the customer's discretion and control. Safe Foods denies affiliation or control over such customers. Safe Foods denies that it sells "the methods, technology and equipment necessary to achieve, monitor, and maintain elevated pH levels with chillers" and for at least that reason, Safe Foods denies that it sells a "PAA Antimicrobial Program" as defined by Enviro Tech in Paragraph 29 of the Complaint. Safe Foods otherwise denies the allegations in Paragraph 29 of the Complaint.

30. The document provided as Exhibit 1 does not have any information indicating the source, website or otherwise, from which it may have been taken or the date that the material was accessed; nonetheless, Safe Foods admits that Enviro Tech's Exhibit 1 purports to contain excerpts taken at some point in time from Safe Foods' website. Safe Foods denies the allegations of Paragraph 30 to the extent Exhibit 1 is not reproduced verbatim from Safe Foods' website.

31. Paragraph 31 of the Complaint relies on the term "PAA Antimicrobial Program," which Enviro Tech has defined in Paragraph 29 of the Complaint. For at least that reason, Safe Food denies the allegations in Paragraph 31 of the Complaint. Additionally, Paragraph 31 of the

Complaint purports to contain an excerpt from Exhibit 1 of the Complaint but the excerpt as provided in Paragraph 31 is not a direct quote from Exhibit 1, and on that basis, Safe Foods also denies the allegations of Paragraph 31 of the Complaint.

32. Paragraph 32 of the Complaint relies on the term "PAA Antimicrobial Program," which Enviro Tech has defined in Paragraph 29 of the Complaint. For at least that reason, Safe Food denies the allegations in Paragraph 32 of the Complaint. Additionally, Paragraph 32 of the Complaint also refers to and relies on the misquoted excerpt of Exhibit 1 of the Complaint cited in Paragraph 31 of the Complaint and on that basis, Safe Foods also denies the allegations of Paragraph 32 of the Complaint.

33. Safe Foods admits that it offers the processing aid Promoat™, which may be used by certain poultry processing customers. Safe Foods admits that the active ingredient in Promoat™ is PAA. Otherwise, denied.

34. Safe Foods admits that it offers the processing aid Ajust™, which is an alkaline agent. Safe Foods admits that Paragraph 34 of the Complaint contains purported excerpts from Exhibit 1 to the Complaint stating that Ajust™ is "a caustic blend that helps sustain a pH range that is ideal for controlling pathogens in the chiller. Ajust™ is used in conjunction with Promoat™, allowing their antimicrobial activity to be maintained for a longer period of time" and that Ajust™ provides "superior pH management." Safe Foods denies the allegations of Paragraph 34 to the extent they are not reproduced verbatim from Safe Foods' website, noting that Enviro Tech mistakenly used the term Adjust™ instead of Ajust™, and otherwise denies the allegations of Paragraph 34 of the Complaint.

35. Safe Foods admits that Pilgrim's Foods, Inc. is a customer of Safe Foods for certain products and/or services. Safe Foods admits that other poultry processors, including companies

with processing plants in Arkansas, are customers of Safe Foods for certain products and/or services. Otherwise, denied.

36. Safe Foods has agreements with certain customers that have certain requirements, specified by the customer, which may include monitoring and/or adjusting pH levels associated with chiller water. Safe Foods denies affiliation or control over these customers, denies that actual operations by these customers will necessarily be in compliance with any requirements provided in an agreement, and otherwise denies the allegations in Paragraph 36 of the Complaint.

37. Safe Foods admits that Enviro Tech purports to attach a document titled "2019 Antimicrobial Scope of Work" as Exhibit 2 to its Complaint. Otherwise, denied.

38. Safe Foods admits that Enviro Tech purports to attach a document titled "2021 Antimicrobial Scope of Work" as Exhibit 3 to its Complaint. Otherwise, denied.

39. Denied.

40. Safe Foods admits that Paragraph 40 of the Complaint purports to contain an excerpt from Exhibits 2 and 3 of the Complaint, but Safe Foods denies Enviro Tech's accompanying conclusions and any allegations to the extent they are not reproduced verbatim from the Exhibits and otherwise denies the allegations of Paragraph 40 of the Complaint.

41. Safe Foods admits that Paragraph 41 of the Complaint purports to contain an excerpt from Exhibits 2 and 3 of the Complaint, but Safe Foods denies Enviro Tech's accompanying conclusions and any allegations to the extent they are not reproduced verbatim from the Exhibits and otherwise denies the allegations of Paragraph 41 of the Complaint.

42. Safe Foods admits that Paragraph 42 of the Complaint purports to contain an excerpt from Exhibits 2 and 3 of the Complaint, but Safe Foods denies Enviro Tech's

accompanying conclusions and any allegations to the extent they are not reproduced verbatim from the Exhibits and otherwise denies the allegations of Paragraph 42 of the Complaint.

43. Denied.

44. The referenced sections of Exhibit 3 are not legible. As such, Safe Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained within Paragraph 44 of the Complaint and therefore denies those allegations.

45. Denied.

46. Denied.

47. Denied.

## **COUNT I: INFRINGEMENT OF THE '321 PATENT**

48. Paragraph 48 of the Complaint requires no response.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Safe Foods admits that for certain customers it provides certain training, which may vary from customer to customer. Otherwise, denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

64. Denied.

65. Denied.

66. Denied.

67. Denied.

68. Denied.

69. Denied.

70. Denied.

71. Denied.

72. Denied.

73. Denied.

74. Denied.

75. Denied.

76. Safe Foods denies that it infringes or has infringed the '321 Patent and otherwise denies the allegations of Paragraph 76 of the Complaint.

77. Safe Foods denies that it infringes or has infringed the '321 Patent and otherwise denies the allegations of Paragraph 76 of the Complaint.

78. Safe Foods denies that it infringes or has infringed the '321 Patent and otherwise denies the allegations of Paragraph 76 of the Complaint.

79. Safe Foods admits that it received a copy of the '321 Patent prior to the filing of this Complaint. Otherwise, denied.

80. Denied.

81. Safe Foods denies that it infringes or has infringed the '321 Patent and otherwise denies the allegations of Paragraph 81 of the Complaint.

82. No response is required to Enviro Tech's jury demand.

## ENVIRO TECH'S PRAYER FOR RELIEF

Safe Foods denies that Enviro Tech is entitled to the relief sought in its Complaint or any relief whatsoever.

## AFFIRMATIVE DEFENSES

Safe Foods asserts the following Affirmative Defenses in response to Enviro Tech's Complaint and assertion of infringement of the '321 Patent. Safe Foods reserves the right to amend its Answer to add more Affirmative Defenses, including instances of inequitable conduct, as they become known throughout the course of discovery in this case. Assertion of a defense is not a concession that Safe Foods has the burden of proving the matter asserted.

## FIRST AFFIRMATIVE DEFENSE – NONINFRINGEMENT

1. Safe Foods has not infringed, and does not infringe, either literally or under the doctrine of equivalents, any valid and enforceable claim of the '321 Patent, whether directly, indirectly, individually, jointly, contributorily, and/or by inducement.

2. Specifically, neither Safe Foods' conduct nor its customer's conduct satisfy the claims of the '321 Patent.

## SECOND AFFIRMATIVE DEFENSE – INVALIDITY

3. The claims of the '321 Patent are invalid and/or unenforceable at least because they fail to satisfy one or more of the conditions or requirements for patentability specified in Title 35 of the United States Code, including, without limitation, 35 U.S.C. §§ 101, 102, 103, and 112.

## THIRD AFFIRMATIVE DEFENSE – LIMITATIONS

4. Enviro Tech's claims for relief are statutorily limited in whole or in part by 35 U.S.C §§ 286 and 287.

## FOURTH AFFIRMATIVE DEFENSE – EQUITABLE BAR

5. Enviro Tech's claims are barred by an express or implied license, and/or the equitable doctrines of laches, waiver, acquiescence, patent misuse, estoppel and/or patent exhaustion.

## FIFTH AFFIRMATIVE DEFENSE – PROSECUTION HISTORY ESTOPPEL

6. Enviro Tech's claims are barred by the doctrine of prosecution history estoppel based on statements, representations, and admissions made during the prosecution of the patent application resulting in issuance of the '321 Patent before the United States Patent and Trademark Office and/or during the prosecution of related patent applications.

## SIXTH AFFMIRATIVE DEFENSE

7. Enviro Tech fails to state a claim for which relief can be granted in this district or otherwise.

## SAFE FOODS'S COUNTERCLAIMS

Defendant and Counterclaimant Safe Foods Corp. ("Safe Foods"), by and through its attorneys, asserts the following counterclaims against Plaintiff and Counterdefendant Enviro Tech Chemical Services, Inc. ("Enviro Tech"), and alleges as follows:

1. Safe Foods incorporates the allegations of its Answer and Affirmative Defenses as if fully set forth herein.

2. Safe Foods reserves the right to amend or supplement its Counterclaims as additional information becomes known, including as a result of discovery in this case.

## NATURE AND BASIS OF THIS ACTION

3. This is an action arising under the Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202 and the United States Patent Act, 35 U.S.C § 1 *et seq*. Safe Foods requests a declaration that the claims of U.S. Patent No. 10,912,321 ("321 Patent" or "Asserted Patent") are invalid.

## PARTIES

4. Safe Foods is a Delaware corporation with its principal place of business at 1501 E. 8th Street, North Little Rock, AR 72114.

5. On information and belief based on Paragraph 2 of Enviro Tech's Complaint, Enviro Tech is a California corporation with a principal place of business at 500 Winmoore Way, Modesto, CA 95358.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over Safe Food's declaratory judgment counterclaims because they arise under the patent laws of the United States and the Declaratory Judgment Act. 28 U.S.C. §§ 1331, 1338(a), 2201-02; 35 U.S.C. § 1 *et seq*. This Court has personal jurisdiction over Enviro Tech because, among other reasons, Enviro Tech has consented to

personal jurisdiction by alleging infringement of the '321 Patent in this Court. Venue is appropriate as the Counterclaims relate to Enviro Tech's claims for infringement of the '321 Patent. Therefore, there exists a definite and concrete dispute within this Court's jurisdiction between Enviro Tech and Safe Foods regarding the subject matter of Safe Food's counterclaims.

## FACTUAL ALLEGATIONS

7. On information and belief based on Paragraph 11 of Enviro Tech's Complaint, Enviro Tech purports to be the owner of the '321 Patent.

8. On July 2, 2021, Enviro Tech filed a Complaint for patent infringement against Safe Foods in the United States District Court for the Eastern District of Arkansas. Enviro Tech's Complaint alleges that Safe Foods infringes the '321 Patent.

9. The '321 Patent is entitled "Methods of Using Peracetic Acid to Treat Poultry in a Chill Tank During Processing," and was issued on February 9, 2021. On its face, the '321 Patent purports to be a continuation-in-part of application number 13/065,553, which was filed on March 24, 2011.

10. On its face, the named inventors of the '321 Patent are Michael S. Harvey and Jonathan N. Howarth.

11. The claims of the '321 Patent each recite "a method of treating at least a portion of a poultry carcass with peracetic acid."

12. In its Complaint for infringement, Enviro Tech cites to claim 1 of the '321 Patent, which reads as follows:

> A method of treating at least a portion of a poultry carcass with peracetic acid, said method comprising the steps of:
>
> providing, in a reservoir, a peracetic acid-containing water, wherein the peracetic acid-containing water comprises water and an antimicrobial amount of a solution of peracetic acid;

after the step of providing the peracetic acid-containing water, determining the pH of the peracetic acid-containing water, and altering the pH of the peracetic acid-containing water to a pH of about 7.6 to about 10 by adding an alkaline source;

after the step of determining the pH and altering the pH of the peracetic acid-containing water, placing into the peracetic acid-containing water at least a portion of a poultry carcass;

after the step of placing at least the portion of the poultry carcass into the peracetic acid-containing water, determining the pH of the peracetic acid-containing water in the reservoir with at least the portion of the poultry carcass therein, and altering the pH of the peracetic acid-containing water to a pH of about 7.6 to about 10 by adding an alkaline source; and

after the step of determining the pH and altering the pH of the peracetic acid-containing water having at least the portion of the poultry carcass therein, removing at least the portion of the poultry carcass from the peracetic acid-containing water.

13. Upon information and belief, the claims of the '321 Patent are invalid for failure to meet the requirements of the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, including , but not limited to, 35 U.S.C. §§ 101, 102, 103 and/or 112.

## **COUNTERCLAIM COUNT 1: DECLARATORY JUDGMENT OF INVALIDITY**

14. Safe Foods realleges every allegation in the foregoing paragraphs of its counterclaims as if fully set forth herein.

15. An actual controversy has arisen and exists between Enviro Tech and Safe Foods regarding the invalidity of the claims of the '321 Patent because Enviro Tech has asserted in its Complaint that Safe Food infringes the '321 Patent and that the '321 Patent was duly granted and is valid and enforceable.

16. The asserted claims of the '321 Patent are invalid because the alleged inventions fail to satisfy the conditions for patentability specified in 35 U.S.C. § 100 et seq., including §§ 101, 102, 103, and/or 112. Particularly, to the extent that any features of the activities accused of infringement in the Complaint infringe claims of the '321 Patent, on information and belief, those

claims are invalid as least as to lacking novelty or being obvious over the prior art that contained similar features, as well as related prior art, for indefiniteness, for lack of written description, and/or for non-enablement. For example, claim 1 of the '321 Patent, which is cited extensively in the Complaint, is invalid for lack of written description at least as a result of its recitation, in two separate steps, of adjusting the pH of the peracetic acid-containing water to a pH of about 7.6 to about 10.

17. Under the Federal Declaratory Judgment Act, 28 U.S.C § 2201 *et seq.*, Safe Foods requests a declaration by the Court that the '321 Patent is invalid for failing to satisfy the conditions for patentability. Safe Foods does not have an adequate remedy at law.

## **PRAYER FOR RELIEF**

Defendant Safe Foods respectfully requests entry of judgment in its favor as follows:

a) That the Court declare that the claims of the '321 Patent are invalid;

b) That the Court enter an injunction preventing Enviro Tech, and all employees, agents, assigns, successors, parents, subsidiaries, affiliates, or any person or entity acting on its behalf, from instituting or maintaining any legal action for infringement of the '321 Patent against Safe Foods, its vendors, business partners, customers, distributors, manufacturers, or any person or entity partaking in the facilitation of Safe Foods' services;

c) That the Court enter judgment against Enviro Tech and in favor of Safe Foods;

d) That the Court enter judgment that Enviro Tech take nothing;

e) That the Court dismiss Enviro Tech's Complaint with prejudice;

f) That the Court declare this an exceptional case under 35 U.S.C. § 285 and award Safe Foods its costs, expenses, and reasonable attorneys' fees incurred in this action; and

    g)   That the Court award Safe Foods any such other appropriate relief at law or in equity as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Safe Foods hereby requests a trial by jury on all claims and issues so triable.

Dated: August 30, 2021

Respectfully submitted,

Amir H. Alavi (pro hac vice)
Scott W. Clark (pro hac vice)
Brian E. Simmons (pro hac vice)
Attorneys for Defendant Safe Foods Corp.
AHMAD, ZAVITSANOS, ANAIPAKOS, ALAVI
    & MENSING P.C.
1221 McKinney Street, Suite 2500
Houston, TX 77010
Telephone: 713-655-1101
Facsimile: 713-655-0062
Email:   aalavi@azalaw.com
          sclark@azalaw.com
          bsimmons@azalaw.com

Jess L. Askew, III, Ark. Bar No. 86005
jess.askew@kutakrock.com
Frederick H. Davis, Ark. Bar No. 2012271
frederick.davis@kutakrock.com
Attorneys for Defendant Safe Foods Corp.
KUTAK ROCK LLP
124 West Capitol Avenue, Suite 2000
Little Rock, AR 72201
Telephone: (501) 975-3000
Facsimile: (501) 975-3001
Email:   jess.askew@kutakrock.com
          frederick.davis@kutakrock.com