**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

| | |
|---|---|
| ENVIROTECH CHEMICAL SERVICES, INC., | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| SAFE FOODS CORPORATION, | ) ) ) |
| Defendant. | ) ) ) |

No.  4:21-cv-000601-LPR

## DEFENDANT'S SUBMISSION REGARDING CASE DISPOSITION

Pursuant to the Court's December 15, 2022 Claim Construction Order (Dkt. No. 82), Defendant Safe Foods Corporation ("Defendant") provides the following submission regarding the proper procedural disposition of the case, and next steps, in view of the Court's Claim Construction Order, and in support thereof states as follows:

**A.    The Court Should Enter Judgement in Favor of Defendant Because All Asserted Claims are Invalid Given the Court's Claim Construction Order.**

1.      On December 15, 2022, this Court issued its Claim Construction Order regarding asserted United States Patent No. 10,912,321 ("the '321 Patent"). Dkt. No. 82.

2.      Throughout this case, including the entirety of the claim construction process, up to and including the entry of this Court's Claim Construction Order, Plaintiff's infringement case has been limited to claims 1-3, 5-12, 14-19, 21-24, 26-29 and 31-33 of the '321 Patent (the "Asserted Claims"). *See*, Dkt. No. 41 at 7.[1]

---

[1] As discussed below, on December 28, 2022, Plaintiff unilaterally served "supplemental" infringement contentions, seeking to add, for the first time, claims 4, 13, 20, 25 and 30 of the '321 Patent. Ex. 1. However, the deadline to serve infringement contentions was November 15, 2021.

3.    In its Claim Construction Order, this Court held, *inter alia*, that the term "about" (with reference to pH) is indefinite. Dkt. No. 82 at 29. Therefore, all the independent Asserted Claims (i.e., claims 1, 10, 19, 24 and 29), which all contain that term, and all Asserted Claims depending therefrom (i.e., claims 2-3, 5-9, 11, 12, 14-18, 21-23, 26-28 and 31-33), are invalid. *See, e.g., Interval Licensing LLC v. AOL, Inc., et al.*, 766 F.3d 1364, 1374 (Fed. Cir. 2014) (claims depending on indefinite phrase invalid); *see also, Ibormeith IP, LLC c. Mercedes-Benz USA, LLC, et al.*, 732 F.3d 1376, 1378 (Fed. Cir. 2013) (dependent claims also indefinite "because they incorporate the elements of independent claim").

4.    This Court further held, *inter alia*, that the term "antimicrobial amount" is indefinite. Dkt. No. 82 at 32. Therefore, all independent Asserted Claims (i.e., claims 1, 10, 19, 24 and 29), which all contain that term, and Asserted Claims depending therefrom (i.e., claims 2-3, 5-9, 11, 12, 14-18, 21-23, 26-28 and 31-33), are invalid. *See, id*.

5.    On December 20, 2022, the parties telephonically conferred, and both agreed in principle that, in view of the foregoing, that all Asserted Claims are invalid, and thus, this Court should enter judgment against Plaintiff on its infringement claim relating to the '321 Patent.[2]

---

*See* Dkt. No. 33 at 1. Absent leave of Court, those supplemental contentions are a nullity and this Court should proceed to enter judgement based upon the Asserted Claims properly in the case, identified above.

[2] The parties also agreed to stay all pending discovery deadlines subject to this Court's ruling on the current submissions, excepting Defendant's pending confidentiality challenge of certain improperly designated documents under the protective order. Defendant submits that this challenge should survive final judgement, since it was raised before issuance of the Court's Claim Construction Order.  Defendant intends to raise this issue with Court at the appropriate time in accordance with the procedures set forth in the protective order. *See* Dkt. No. 34, ¶5.

**B.    The Court Should Deem Plaintiff's Untimely Attempt to Supplement its Infringement Contentions a Nullity for Failing to Seek Leave and Violating the Court's Scheduling Order.**

6.    On December 28, 2022—after the entry of this Court's Claim Construction Order and the very day before this filing—Plaintiff unilaterally served "Supplemental Initial Infringement Contentions," without leave of Court, seeking to add, for the first time, previously unasserted claims 4, 13, 20, 25 and 30 of the '321 Patent to this case. Ex. 1 at 2 ("In this Supplementation, Plaintiff includes allegations of infringement of Claim Nos. 4, 13, 20, 25, and 30…"). Notably, these new contentions are based upon a Safe Foods document (SafeFoods_0000174-270) which was produced on January 28, 2022—***nearly 11 months ago***—before ***any*** of the claim construction deadlines, including the briefing, hearing and the Court's Order. *See* Ex. 1 at 4 (Claim 4, citing SafeFoods_0000174-270), 7 (Claim 13), 8-9 (Claim 20), and 10 (Claim 25); *see also* Ex. 2 (Email from A. Sitepu producing SafeFoods_0000158-861).

7.    Under the First Amended Final Scheduling Order, Plaintiff's deadline to disclose its infringement contentions was November 15, 2021.[3] Dkt. No. 33 at 1. In accordance with that deadline, Plaintiff served its infringement contentions, asserting claims 1-3, 5-12, 14-19, 21-24, 26-29 and 31-33 of the '321 Patent (i.e., the Asserted Claims listed above).[4] Ex. 3 at 2.

---

[3] Because infringement contentions frame a patentee's case, this deadline precedes other key case deadlines that rely on it, including Defendant's deadline to disclose its invalidity contentions, as well as the claim construction deadlines.

[4] On January 12, 2021, Plaintiff supplemented these contentions, again asserting claims 1-3, 5-12, 14-19, 21-24, 26-29 and 31-33 of the '321 Patent. Ex. 4 at 2. However, unlike Plaintiff's unilateral December 28, 2022 supplementation, the January 12, 2021 supplementation was consented to by Defendant because it was provided in response to Defendant's complaint that the November 15 infringement contentions failed to address the express claim language requiring that the recited steps of the claimed method be performed in the specified order.

8.      Absent leave of Court and a showing of good cause, Plaintiff should not be permitted to "supplement" its contentions to add new claims after this Court's dispositive ruling, in direct contravention of the Scheduling Order deadlines. Indeed, under Fed. R. Civ. P. 16(b)(4), "[a] schedule may be modified only for goof cause and with the judge's consent." *See also Parnell v. Seterus, Inc.*, No. 3:18-CV-00034-LPR, 2022 WL 1322849, at *2 (E.D. Ark. May 3, 2022) (requiring—and denying—motion for leave to amend witness list three days after the supplemental discovery deadline); *see also Hammer v. City of Osage Beach, Mo.*, 318 F.3d 832, 844 (8th Cir.2003) (affirming a denial of a motion for leave to amend filed after discovery had closed and after a defendant had moved for summary judgment).[5]

9.      In a cover email seeking to justify its untimely and improper supplementation, Plaintiff argues that it expressly reserved the right to amend its prior contentions, which it has now relabeled as "initial." *See* Ex. 5. However, a reservation of rights cannot excuse noncompliance with the Court's Scheduling Order, absent leave. For this same reason, Plaintiff's second justification, i.e., that "no rule or order … precludes supplementation, is also plainly wrong. *See id.* Next, Plaintiff argues that its supplementation is somehow timely because the Court has yet to enter final judgement. *See id*. But again, this ignores the Scheduling Order and inexplicable fails to acknowledge Plaintiff's utter lack of diligence. As noted above, the evidence upon which it purports to rely has been in its possession since January 28, 2022, i.e., before the parties began the claim construction process. *See, supra*. Plaintiff should not be permitted to sit on its hands and then seek to add new claims after the Court's Claim Construction Order—an adverse, case-

---

[5] See also *Schenk v. Chavis*, 259 F. App'x 905, 907 (8th Cir. 2008) (review of the district court's judgment for denial of motion to leave to amend after scheduling order is for abuse of discretion).

dispositive ruling that was readily foreseeable in view of Defendant's claim construction positions. *See* Dkt. No. 53 at 4. Lastly, Plaintiff argues that the fact discovery deadline has not passed and that the parties had discussed a stay of the remaining case deadlines, including the "deadline to amend." *See* Ex 5. Again, this ignores the Court's Scheduling Order deadline and cannot excuse Plaintiff's failure to seek leave. Moreover, the "deadline to amend" refers to the deadline "to seek leave to join additional parties or amend pleadings." *See* Dkt. No. 81 at 1. This does not apply to the contention deadline, but if it did, it only confirms that Plaintiff was required ***to seek leave*** before its supplementation.

## C.    Conclusion.

10.    Accordingly, for the reasons set forth above, Defendant respectfully requests that this Court reject Plaintiff's untimely attempt to circumvent this Court's Scheduling Order to add new claims after issuance of its case-dispositive Claim Construction Order. Moreover, Defendant further requests that this Court enter judgment in favor of Defendant consistent with the relief requested above, thereby dismissing the case with costs to be awarded to Defendant. Contemporaneously herewith, Defendant will be submitting a proposed order to the Clerk, via email, consistent with the relief sought herein.

*        *        *

Dated: December 29, 2022

Respectfully Submitted,

Amir Alavi (*pro hac vice*)
aalavi@aatriallaw.com
Scott W. Clark (*pro hac vice*)
sclark@aatriallaw.com
Brian Simmons (*pro hac vice*)
bsimmons@aatriallaw.com
Steven Jugle (*pro hac vice*)
sjugle@aatriallaw.com
Joshua S. Wyde (*pro hac vice*)
jwyde@aatriallaw.com
Justin Y. Chen (*pro hac vice*)
jchen@aatriallaw.com

ALAVI & ANAIPAKOS, PLLC
3417 Mercer St, Suite C
Houston, Texas 77027
Telephone: (713) 751-2362
Facsimile: (713) 751-2341

Jess L. Askew (Ark. Bar No. 86005)
Jess.Askew@kutakrock.com
Frederick H. Davis (Ark. Bar No. 2012271)
Frederick.Davis@kutkarock.com

KUTACK ROCK LLP
124 West Capitol Avenue, Suite 2000
Little Rock, AR 72201
Telephone: (501) 975-3000
Facsimile: (501) 975-3001

***Attorneys for Defendant Safe Foods
Corporation***