**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

| | | |
|---|---|---|
| ENVIRO TECH CHEMICAL SERVICES, INC., | § § § | |
| *Plaintiff*, | § § | Civil Action No. 4:21-cv-00601-LPR |
| v. | § § | JURY TRIAL DEMANDED |
| SAFE FOODS CORPORATION, | § § § | |
| *Defendant.* | § | |

## SAFE FOODS CORPORATION'S BRIEF REGARDING SCOPE OF JUDGMENT

Pursuant to the Court's Order (Dkt. 85), Defendant Safe Foods Corp. ("Safe Foods") provides the following scope of judgment brief regarding Enviro Tech Chemical Services, Inc.'s ("Enviro Tech's") attempt to supplement its infringement contentions to add previously unasserted claims 4, 13, 20, 25 and 30 ("Unasserted Claims") well after this Court issued its *Markman* Order regarding U.S. Patent No. 10,912,321 ("'321 Patent").

## I.      INTRODUCTION

The Court should enter final judgment of invalidity, as to the patent claims, with respect to the claims asserted prior to the claim construction hearing, claims 1–3, 5–12, 14–19, 21–24, 26–29, and 31–33 ("Asserted Claims").  But the Court should not allow Enviro Tech's belated attempt to add Unasserted Claims to this case, because Enviro Tech has not been diligent and provides no rational excuse why it did not seek to amend earlier.  Enviro Tech's unsanctioned amendment is based upon evidence Enviro Tech possessed since January 2022, some eleven months prior and well before the *Markman* process even began.  Enviro Tech could have—and should have—brought these claims prior to the claim construction process so that Enviro Tech and Safe Foods

1

(collectively "the Parties") could have briefed and argued the invalidity of those claims in accordance with the Court's Scheduling Order.

Allowing Enviro Tech to inject the Unasserted Claims into the case at this point would be prejudicial to Safe Foods and unduly burden the Court and the Parties. Because the Parties dispute whether the Unasserted Claims are indefinite based upon this Court's construction of the phrase "antimicrobial amount," the Parties will need to brief the issue and the Court will have to enter a second *Markman* order. Further, Safe Foods will have to amend its invalidity contentions and conduct additional prior art searches and analysis because the Unasserted Claims are narrower and include previously unaddressed subject matter than that found in the Asserted Claims. Finally, deferring resolution on the Unasserted Claims (both whether they can be added to the case and whether they too are indefinite) would deprive the Federal Circuit of jurisdiction to address an appeal of the term "antimicrobial amount," leading to potential multiple appeals.

## II.   STATEMENT OF FACTS

### A.   The Agreed Scheduling Order Provides Claim Construction Milestones that Are All Circumscribed by Enviro Tech's Disclosure of Infringement Contentions

On October 21, 2021, the Court adopted the Parties' Jointly Proposed Scheduling Order ("Scheduling Order"). Dkt. 33. The Scheduling Order "Markman Claim Construction Deadlines" section begins with Plaintiff's infringement contentions, that were due November 15, 2021. On that date, Enviro Tech identified, in detail, which claims of the '321 Patent it was asserting against Safe Foods and its theories as to how each claim was infringed. The next deadline was December 30, 2021, the date on which Safe Foods had to serve its invalidity contentions, a detailed pleading in which Safe Foods identified, in detail, the basis for invalidating each claim that Enviro Tech had identified in its infringement contentions.

The next steps in the *Markman* process were teed off of those initial deadlines.  The parties identified disputed claims terms on January 31, 2022.  Of course, neither party identified terms from Unasserted Claims because such claims were not a part of the case.  The dates for the disclosure of proposed interpretations, final identification of disputed claim terms, opening and responsive claim construction briefs, joint claim construction and prehearing statement, and claim construction hearing all then follow from the identified claim terms.  *Id.* at 2–3.

### B. Relying on the Asserted Claims Identified in Enviro Tech's Infringement Contentions, Safe Foods Conducted its Prior Art Search and Analysis, and the Parties and the Court Conducted the *Markman* Process

In accordance with the Court's Scheduling Order, on November 15, 2021, Enviro Tech served its infringement contentions.  Dkt. 35.  Enviro Tech supplemented its infringement contentions on January 12, 2022, Ex. 1, to address several deficiencies Safe Foods identified in Enviro Tech's initial infringement contentions, (Ex. 2, Dec. 1, 2021 Deficiency Letter), but the supplemental infringement contentions still only listed the Asserted Claims and during the entirety of the *Markman* process, Enviro Tech did not further seek to supplement its infringement contentions to add Asserted Claims.

Relying on the Asserted Claims identified by Enviro Tech's Infringement Contentions, between January 31, 2022 and May 28, 2022, the Parties exchanged claim terms and proposed constructions, and prepared opening and responsive claim construction briefing on the Court's schedule.  *See, e.g.,* Dkts. 40, 41, 46, 47, 50, 51, 52, and 53.

Indeed, by December 30, 2021, Enviro Tech knew that Safe Foods contended the term "antimicrobial amount," as found in the Asserted Claims, was indefinite, where Safe Foods dedicated nearly eight pages of its invalidity contention to this issue.  Ex. 3 at 39–47 (December 30, 2021 Invalidity Contentions).  Safe Foods argued the same in its claim construction briefing. Dkt. 41 at 34–46.  Yet even with this information, Enviro Tech did not amend its infringement

3

contentions to include the Unasserted Claims or argue during claim construction that the term "antimicrobial amount" in the Unasserted Claims would be definite for any reason other than the arguments Enviro Tech put forth with respect to the Asserted Claims.

On October 4, 2022, this Court held a Claim Construction hearing.  Dkt. 70.  This was followed by the Court's *Markman* Order, which issued on December 15, 2022. Dkt. 82.  The *Markman* Order ruled that the terms "about" and "antimicrobial amount" are indefinite only considering the Asserted Claims.

### C.   Realizing that this Court's *Markman* Order was Case Dispositive, Enviro Tech Seeks to Unilaterally Amend Its Infringement Contentions to Add Previously Unasserted Claims Before Entry of Judgement

Because each of the Asserted Claims contains at least one of the terms the Court found indefinite, *see*, Ex. 4, '321 Patent,[1] the claim construction order was case dispositive.  Realizing this, on December 28, 2022, and without leave of Court, Enviro Tech served "Supplemental Initial Infringement Contentions," purporting to add the Unasserted Claims. Ex. 5.  Enviro Tech made no other changes to its "Supplemental Initial Infringement Contentions." *Id.*

Notably, the only evidence cited in Enviro Tech's Supplemental Initial Infringement Contentions for the Unasserted Claims were two documents previously produced by Safe Foods: SafeFoods_0000174 and Safe Foods_0000270.  *Id.* at 4, 7, 9, 10, and 12.  Safe Foods produced these documents January 28, 2022—some eleven months prior—and, more importantly, after Safe Foods' disclosure of its invalidity contentions and before any claim construction deadlines.  Ex. 6 (Jan. 28, 2022 Email from A. Sitepu producing SafeFoods_0000158–861).

---

[1]   "A claim in dependent form shall be construed to incorporate by reference all the limitations of the claim to which it refers."  35 U.S.C. § 112(d).

**D.    The Court Ordered This Additional Briefing Regarding Case Disposition in View of Enviro Tech's Supplemental Infringement Contentions**

Per Court Order, *see* Dkt. 82, on December 29, 2022, the Parties submitted briefing on the disposition of the case in view of the Court's claim construction order.  Dkts. 83–84.  In response, on January 5, 2023, this Court ordered each party to submit, by February 21, 2023, "additional briefing from the parties with respect to the scope of the Court's final judgment.  Specifically, the Court sought further argument from the parties on the supplemental-infringement-contention issue."  Dkt. 85.  On February 21, 2023, at the joint request of the Parties, the Court extended the February 21 briefing by 30 days, to March 23, 2023.  Dkt. 87.

**E.    Safe Foods Files A Motion for Leave to File an Amended Answer and Counterclaim**

On March 15, 2023, Safe Foods sought leave to amend its pleading in the case to add newly discovered affirmative defenses and a counterclaim (the "Motion for Leave").  Dkt. 88.  As is set forth in the Motion for Leave, Safe Foods, unlike Enviro Tech, has been diligent in its effort to amend its pleading, which is based on deposition testimony obtained in December 2022 and other information unreasonably withheld from decision-makers at Safe Foods for over a month thereafter, based upon improper confidentiality designations.  *See id*.

Importantly, Safe Foods' Motion for Leave does not render this issue, whether Enviro Tech can add the Unasserted Claims to the case, moot.  If the Court grants Safe Foods' Motion for Leave, it still has the discretion to enter a final judgment as to the patent claims under Rule 54(b) to allow the parties to promptly appeal the Court's *Markman* Order.  Of course, if the Court denies the Motion for Leave, it will have to enter a final judgment as to the entire case.  Under both circumstances, the question of whether Enviro Tech can add the Unasserted Claims is a live dispute.

5

## III.    STANDARD

Under FED. R. CIV. P. 16(b)(4), "[a] schedule may be modified only for good cause and with the judge's consent."  *See also Parnell v. Seterus, Inc.*, No. 3:18-cv-00034-LPR, 2022 WL 1322849, at *2 (E.D. Ark. May 3, 2022) (requiring—and denying—motion for leave to amend witness list three days after the supplemental discovery deadline); *see also Hammer v. City of Osage Beach, Mo.*, 318 F.3d 832, 844 (8th Cir. 2003) (affirming a denial of a motion for leave to amend filed after discovery had closed and after a defendant had moved for summary judgment).

This standard is equally applicable in patent cases where a patent owner seeks to add new patent claims after a deadline to do so.  *See, e.g.*, *Click-to-Call Techs. LP v. Ingenio, Inc.*, 45 F.4th 1363, 1371–73 (Fed. Cir. 2022) (affirming district court's denial of patentee's request to add two new claims to infringement contentions where patent owner failed to show good cause); *see also Acme Worldwide Enters., Inc. v. The United States*, No. 17-cv-00843, 2022 WL 6853387 at *2 (Fed. Cl. Oct. 11, 2022) (denying motion to amend invalidity contentions following claim construction order where defendant failed to demonstrate good cause under Rule 16(b)(4)).

The appeals court will review a district court's denial of motion for leave to amend after a scheduling order deadline under an "abuse of discretion" standard.  *Schenk v. Chavis*, 259 F. App'x 905, 907 (8th Cir. 2008).

## IV.    ARGUMENT

### A.    The Previously Unasserted Claims Should be Excluded from the Case Because Enviro Tech Failed to Seek Leave to Amend

It cannot be disputed that the Scheduling Order set a November 15, 2021 deadline for Enviro Tech to serve infringement contentions and that Enviro Tech failed to seek leave before serving its amended contentions to add Asserted Claims after that deadline.  FED. R. CIV. P. 16(b)(4).  This should procedurally end the issue.

**B.**     **Enviro Tech Cannot Show Good Cause to Justify Addition of After the Court Ordered Deadline**

However, to the extent the Court treats the Parties' briefing as a motion for leave to amend, Enviro Tech has not, and cannot, show good cause to add new claims to this case after an adverse, foreseeable *Markman* ruling, effectively resolving Plaintiff's patent infringement claims.

**1.**     **Enviro Tech Was Not Diligent and Its Failure to Seek Amendment Before Key Case Deadlines Prejudices Safe Foods**

The deadlines in the Scheduling Order, Dkt. 33, are in a certain sequence for a reason. It is only after Enviro Tech identifies the claims it is asserting through its infringement contentions that (1) Safe Foods knows for which claims it needs to provide invalidity contentions, and (2) the Parties can know the universe of claim terms that are at issue and from which the Parties can identify terms they assert the Court needs to construe. In turn, only after the terms have been identified can the Parties propose constructions for those terms and prepare briefing in support of those constructions for the Court. Dkt. 33. Adding new patent claims after these deadlines, particularly after the *Markman* Order, as Enviro Tech is now trying to do, upends this entire process.

As such, Enviro Tech must provide "good cause" for such disruption, but it has not and cannot. Enviro Tech was fully aware that Safe Foods contended that the term "antimicrobial amount" was indefinite and had the very evidence it claims support its late amendment throughout the *Markman* process. *See* Ex. 6 and Ex. 3 at 39–47. Nonetheless, Enviro Tech did not assert the Unasserted Claims prior to ***any*** of the claim construction deadlines. As such, Safe Foods prepared its invalidity contentions and proposed claim constructions and claim construction briefing to address terms in the claims that Enviro Tech had asserted, without addressing any claim construction issues for the Unasserted Claims. If Enviro Tech wanted the Unasserted Claims in this case, it should have raised them before the deadline to provide infringement contentions or at

least sought leave to amend prior to the *Markman* process so that Safe Foods could amend its invalidity contentions to specifically address the additional claims and the Parties could address whether the Unasserted Claims are likewise indefinite based upon "antimicrobial amount."

Enviro Tech simply cannot establish that it has acted diligently to add new claims to this case where the evidence upon which it purports to rely to now assert these claims was produced to it on January 28, 2022.

2. **The Court's *Markman* Invalidity Rulings Do Not Provide Good Cause as They Were Foreseeable**

To the extent Enviro Tech argues the Court's invalidity rulings provide good cause, this is incorrect because there is no good cause for amendments due to a "foreseeable" claim construction, as they were here. *See Acme Worldwide*, 2022 WL 6853387 at *2–3 (denying motion to amend where claim construction order adopted "a construction which Plaintiff proposed in its original claim construction brief," because that construction was not unexpected to the defendant); *see also Silver State Intellectual Techs., Inc. v. Garmin Int'l, Inc.*, 32 F. Supp. 3d 1155, 1162 (D. Nev. 2014) ("The fact that the Court adopts a claim construction different from that proposed by the party seeking to amend does not necessarily constitute good cause to amend, particularly where the Court adopts the construction proposed by the other party, as such a construction would not come as a surprise to the party seeking to amend."). Enviro Tech simply cannot be surprised that it was a possibility that the Court adopted the positions advocated by Safe Foods.

The *Click-to-Call* Federal Circuit case is instructive. There, the patentee initially asserted sixteen patent claims against the defendant. 45 F.4th at 1366. Pursuant to the district court's scheduling order, the patentee selected eight of those sixteen patent claims for assertion against the defendant at trial. *Id*. The case was stayed for over six years during an Inter Partes Review

proceeding[2] and the appeals that followed.  *Id*. at 1372.  Ultimately, seven of the eight claims selected by the patentee were invalidated in the IPR.  *Id*. at 1366–67.  When the stay was lifted, the patentee requested leave to amend its asserted claims to add two of the initial sixteen asserted claims, arguing that "good cause exists" for the amendment because "only three claims are at issue, [patentee] promptly gave notice after the IPR was final that it would pursue all three claims without timely objection from defendants, and defendants are not prejudiced."  *Id*. at 1372.  The district court denied the patentee's request because the "[patentee] failed to provide good cause to amend its notice of claims selected for trial."  *Id*.  On appeal, the Federal Circuit affirmed, finding no abuse of discretion by the district court.  *Id*. at 1372–73 (noting that the patentee was aware of the IPR decision well before it filed its motion to amend, "[a]nd even that request was cursory[.]").  Just like the patentee in *Click-to-Call*, Enviro Tech has failed to provide more than a cursory explanation of why there is good cause to amend.  *Id*.

**C.     Addition of the Previously Unasserted Claims Will Require Safe Foods to Amend Its Invalidity Contentions and the Court to Reopen the *Markman* Process, Complicating Any Appeal**

Allowing Enviro Tech to add the Unasserted Claims will require Safe Foods to amend its invalidity contentions and may require Safe Foods to conduct an additional prior art search, a significant and expensive task.  Safe Foods only provided Invalidity Contentions for claims corresponding to the Asserted Claims. Ex. 3.  The Unasserted Claims that Enviro Tech now wishes to shoehorn into this case are all dependent claims, that recite "[t]he method of claim [1, 10,19, 24, 29], wherein the antimicrobial amount of the peracetic acid is about 1 ppm to about 99 ppm." None of the Asserted Claim specifies such a concentration range for peracetic acid, so this is new subject matter that Defendant would have to address in updated Invalidity Contentions, and

---

[2]     An Inter Partes Review (or "IPR") is a parallel proceeding before the Patent Trial and Appeals Board where, much like here, patents can be found invalid.

Defendants has not as of yet assessed the previously found prior art to determine whether additional searches for this limitation are necessary or warranted.

Additionally, allowing Enviro Tech to amend its infringement contentions to add Unasserted Claims to this case will require the Court to reopen claim construction to determine whether the Unasserted Claims are invalid based upon the Court's ruling that "antimicrobial amount" is indefinite.  As noted above, each of the Unasserted Claims further specifies that an "***antimicrobial amount*** of the peracetic acid is about 1 ppm to about 99 ppm." (emphasis added). Safe Foods' position is that these claims are indefinite for at least the same reasons that the Court found that every other claim containing the term "antimicrobial amount" is indefinite.  *See* Dkt. 82.  Specifically, the term "antimicrobial amount" is still a "functional" term, even when it is connected to a concentration range of peracetic acid as it is in the Unasserted Claims.  Dkt. 82 at 29.  That is, even at a range of 1 ppm to 99 ppm of peracetic acid, a person of ordinary skill in the art could not discern from the '321 Patent what amount of reduction of microorganisms would satisfy these claims, thereby rendering these claims indefinite.  Dkt. 82 at 30-31.

However, based upon its prior submission (Dkt. 84), it is clear than Enviro Tech contends that the Unasserted Claims are ***not*** indefinite because it believes that even if the Federal Circuit affirms this Court's determination that "antimicrobial amount" is indefinite, this Court will still have to consider the Unasserted Claims upon remand.  *Id*. at 2 (contending  reversal of "about" and affirmance of "antimicrobial amount" will require the Court to "resolve the infringement contention dispute").

Therefore, given the parties competing positions, if the Court allows Enviro Tech to amend its infringement contentions to assert the Unasserted Claims (whether now or in the future), this will force the Court to reopen claim construction to resolve the dispute.  *See O2 Micro Int'l Ltd.*

*v. Beyond Innovation Tech. Co.*, 521 F.3d 1351, 1362 (Fed. Cir. 2008) (when the parties present a fundamental dispute regarding the scope of a claim term, it is the court's duty to resolve it).

And, punting that decision off for another day by either not ruling on whether Enviro Tech can add the Unasserted Claims *or* by allowing them and not holding a second *Markman* hearing would complicate, and not simplify, the appeal.  *See* Dkt. 84 at 1 (suggesting that the Court defer in such a way).  Based upon the current record, if the Court does not exclude the Unasserted Claims now without reopening claim construction before final judgement, it is unlikely that the Federal Circuit would take up the Court's construction of "antimicrobial amount" on appeal.  That is because the "antimicrobial amount" construction would no longer dispose of the entirety of Enviro Tech's infringement claim, as this Court has yet to determine whether the Unasserted Claims are invalid on that basis.  Without finality, the Federal Circuit would lack jurisdiction to consider the "antimicrobial amount" construction.  *See Nystrom v. Trex Co., Inc.*, 339 F.3d 1347, 1351 (Fed. Cir. 2003) (appeal dismissed for lack of jurisdiction where invalidity ruling failed to dispose of pending claim); *see also Trueposition, Inc. v. Polaruis Wireless, Inc.*, No. 12-cv-00646, 2015 WL 887935, at *3–4 (D. Del. Mar. 3, 2015) (explaining that a claim cannot be certified under Rule 54(b) where "aspects of a single claim of patent infringement remain and are not resolved"). Instead, the Federal Circuit would only consider the Court's construction of the term "about" which would "end the litigation on the merits" because it would leave "nothing for the court to do but execute the judgment."  *W.L. Gore & Assoc., Inc. v. Int'l Medical Prosthetics Research Assoc., Inc.*, 975 F.2d 858, 863 (Fed. Cir. 1992) (citing *Carlin v. United States*, 324 U.S. 229, 233 (1945)). Safe Foods submits that this piecemeal approach is neither efficient nor preferable.

Instead, the Court should exclude these late-added claims to simplify the case for any appeal and avoid re-opening the *Markman* process at this late stage.  In *Cayago Americas, Inc. v.*

*Heinen*, the district court did exactly that, striking the portions of plaintiff's expert report that attempted to add new claims post-*Markman*. No. 21-cv-61035, 2022 WL 2806530, at *5–6 (S.D. Fla. Apr. 28, 2022). The *Cayago* court noted that it had "already conducted a *Markman* hearing, and the additional claims, if allowed, might necessitate another *Markman* hearing, potentially triggering further delays to deadlines for dispositive motions and, ultimately, trial." *Id.* at *5. Just like Enviro Tech, the plaintiff in *Cayago* failed to seek leave and was not diligent in its effort to add new patent claims:

> Plaintiffs failed to seek relief from the Court's scheduling order (regarding amendment of their pleadings to include new claims) when they were informed of the new product in October 2021 or before they filed their claim construction briefing in December 2021. Therefore, I cannot find that Plaintiffs acted with the necessary diligence in seeking to obtain relief from the scheduling order, that they amended their infringement claims "in a timely manner" or that their actions were "substantially justified" . . .

*Id.* at *6.[3]

The Unasserted Claims should be excluded from the case now so that the Court can enter final judgement as to all Asserted Claims on two, independent grounds. Then, any appeal will allow the Federal Circuit to take up the Court's construction of both "about" or "antimicrobial amount" now, as each could be necessary to the judgement (i.e., invalidity of all Asserted Claims) on separate, independent grounds because they would apply to all claims in the case.

## V.   CONCLUSION

For the reasons explained above, this Court should enter final judgment that all Asserted Claims are indefinite. The Court should also deny Enviro Tech's attempt to avoid the Court's

---

[3]   Unlike the current case, in *Cayago*, the plaintiff argued that the new claims were added in response to a late disclosure by the defendant, but the court was unpersuaded. *Id.* at *6. Here, Enviro Tech can offer no justification for adding the new claims at this late stage since it has been aware of the evidence upon which it relies since January of 2022.

claim construction ruling by adding the previously Unasserted Claims at this late stage without seeking leave or showing good cause.

Dated:  March 23, 2023                    Respectfully submitted,

Amir H. Alavi (*pro hac vice*)
Scott W. Clark (*pro hac vice*)
Brian E. Simmons (*pro hac vice*)
Steven T. Jugle (*pro hac vice*)
Joshua Wyde (*pro hac vice*)
Justin Chen (*pro hac vice*)
ALAVI & ANAIPAKOS PLLC
3417 Mercer Street, Suite C
Houston, Texas 77027
Telephone: (713) 751-2362
Facsimile: (713) 751-2341
Email: aalavi@aatriallaw.com
        sclark@aatriallaw.com
        bsimmons@aatriallaw.com
        sjugle@aatriallaw.com
        jwyde@aatriallaw.com
        jchen@aatriallaw.com

Jess L. Askew, III, Ark. Bar No. 86005
Frederick H. Davis, Ark. Bar No. 2012271
KUTAK ROCK LLP
124 West Capitol Avenue, Suite 2000
Little Rock, AR 72201
Telephone: (501) 975-3000
Facsimile: (501) 975-3001
Email: jess.askew@kutakrock.com
        frederick.davis@kutakrock.com

**ATTORNEYS FOR DEFENDANT**
**SAFE FOODS CORPORATION**