**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

| | | |
|---|---|---|
| ENVIRO TECH CHEMICAL SERVICES, INC., | § § § | |
| *Plaintiff,* | § § | Civil Action No. 4:21-cv-00601-LPR |
| v. | § § | JURY TRIAL DEMANDED |
| SAFE FOODS CORPORATION, | § § | |
| *Defendant.* | § | |

**SAFE FOODS CORPORATION'S OPPOSITION TO
PLAINTIFF'S MOTION TO COMPEL**



## TABLE OF CONTENTS

I.    INTRODUCTION ............................................................................................... 1

II.   ARGUMENT ...................................................................................................... 1

    A.   Enviro Tech's Demand for Safe Foods' Emails are Disproportionate to the Needs
        of the Case.................................................................................................... 1

    B.   Even if the Court Takes up Enviro Tech's Motion on the Merits, Enviro Tech Has
        Not Been Diligent in Pursuing Discovery and Its Demands are Disproportionate to
        the Needs of the Case.................................................................................. 2

    C.   Enviro Tech Was Not Diligent in Pursuing e-Discovery and Its Requests Are
        Disproportionate to the Needs of This Case ............................................. 3

    D.   Enviro Tech's Other Demands Suffer the Same Deficiencies .................................. 6

III.  CONCLUSION .................................................................................................. 6

## TABLE OF AUTHORITIES

**Cases**

*Arthrex, Inc. v. Parcus Med., LLC*,
  2014 WL 757552 (M.D. Fla. 2014) ........................................................................ 3

*Enzo Biochem, Inc. v. Calgene, Inc.*,
  188 F.3d 1362 (Fed. Cir. 1999) .............................................................................. 2

*Gerawan Farming, Inc. v. Rehrig Pac. Co.*,
  2013 WL 492103 (E.D. Cal. 2013) ........................................................................ 3

*Johnson Fare Box Co. v. Nat'l Rejectors, Inc.*,
  269 F. 2d 348 (8th Cir. 1959 .................................................................................. 2

*Meds. Co. v. Mylan Inc.*,
  2013 WL 120245 (N.D. Ill. 2013) ......................................................................... 3

*Techimark, Inc. v. Crellin, Inc.*,
  14 F.Supp.2d 762 (M.D.N.C. 1998) ...................................................................... 2

**Statutes**

35 U.S.C.A. § 112 ...................................................................................................... 2

**Rules**

Fed. R. Civ. P. 26(b)(2)(B) ....................................................................................... 4

## I.   INTRODUCTION

Defendant Safe Foods Corporation ("Safe Foods") opposes Plaintiff Enviro Tech Chemical Services, Inc.'s ("Enviro Tech's") Motion to Compel Responses to Written Discovery and Supplementation of Document Production (the "Motion"). Dkts. 100–01.

Neither party disputes that this Court's December 15, 2022 *Markman* Order (Dkt. 82) is case dipositive. While Safe Foods and Enviro Tech do not agree on the exact scope of final judgment, neither party disputes that final judgment is appropriate as to all asserted claims for at least one reason. After ceasing all discovery efforts on the day the Court issued its *Markman* Order, Enviro Tech now moves for relief despite having failed to negotiate with Safe Foods—over the intervening months since that ruling—to obtain the material it now demands. Enviro Tech has not been diligent in seeking discovery. At this late stage, Enviro Tech's motion to compel should be denied.

## II.   ARGUMENT

### A.   Enviro Tech's Demand for Safe Foods' Emails are Disproportionate to the Needs of the Case

Enviro Tech's Motion to Compel makes clear that all the discovery it seeks is only relevant to its patent infringement claims. Dkt. 101 at 2–4. Yet, Enviro Tech concedes that "[b]oth parties believe the Court should invalidate the patent claims and that final judgment is appropriate." Dkt. 101 at 4. Regardless of the parties' positions regarding the exact scope of final judgment, there is no disagreement that all of the asserted claims are invalid as indefinite under the Court's *Markman* Order for *at least* one reason. *See* Dtk. 83 at ¶¶ 3-4; Dkt. 84 at 1. An invalid claim cannot be

infringed.[1] *Johnson Fare Box Co. v. Nat'l Rejectors, Inc.*, 269 F. 2d 348, 353 (8th Cir. 1959). Therefore, the discovery Enviro Tech seeks is entirely irrelevant since it pertains only to Enviro Tech's claims of patent infringement. For this reason alone, Enviro Tech's Motion to Compel should be denied. *See e.g., Techimark, Inc. v. Crellin, Inc.*, 14 F.Supp.2d 762, n. 1, (M.D.N.C. 1998) (dismissing, *inter alia*, motion to compel as moot where plaintiff had voluntarily surrendered subject matter to public, rendering asserted patent invalid); *see also Enzo Biochem, Inc. v. Calgene, Inc.*, 188 F.3d 1362, 1379-80 (Fed. Cir. 1999) (upholding district court's decision not to reopen record to admit new evidence following district court's invalidation of asserted patent claims for lack of enablement under 35 U.S.C.A. § 112).

**B. Even if the Court Takes up Enviro Tech's Motion on the Merits, Enviro Tech Has Not Been Diligent in Pursuing Discovery and Its Demands are Disproportionate to the Needs of the Case**

Enviro Tech's motion is too late, and Enviro Tech has not made a real attempt to obtain the discovery it requests from Safe Foods without burdening the Court. After the Court issued its December 15, 2022 *Markman* Order, Enviro Tech informed Safe Foods that it would not be providing discovery responses due that day. Ex. 1 (Dec. 15 email from S. Ogden). As Enviro Tech concedes, the parties agreed to a standstill of discovery in light of the fact that the *Markman* Order determined that every asserted claim was indefinite, disposing of the patent case. Dkt. 101 at 9. For four months Enviro Tech did nothing to pursue the allegedly outstanding discovery that it now seeks. Enviro Tech only resumed its requests less than two weeks before the end of discovery

---

[1]  Enviro Tech's statement that "the claims remain valid" is simply incorrect. The Court determined that every asserted claim contains at least the indefinite term "about" in its Markman Order. Dkt. 82 at 22-32. Therefore, every asserted claim is invalid under 35 USC § 112. The fact that the Court has not yet entered Final Judgment and certified the issues for appeal does not somehow make the indefinite claims valid and Enviro Tech provides no authority to the contrary.

when Enviro Tech informed Safe Foods that it intended to file a motion to compel discovery that Enviro Tech considers outstanding. Dkt. 101 at 4–5; Dkt. 101-1. Under the Court's Second Amended Final Scheduling Order (Dkt. 81), fact discovery closed on April 18, 2023, which is the very day that Enviro Tech filed its motion. At this late stage, without attempting to obtain the discovery it seeks from Safe Foods in a reasonable and timely manner, Enviro Tech's Motion to compel should be denied. *See e.g., Arthrex, Inc. v. Parcus Med., LLC*, 2014 WL 757552, *2–*3 (M.D. Fla. 2014) (denying motion to compel where patentee waited until "less than three weeks prior to the discovery deadline before it sought supplemental responses" when it had received the initial response 16 months prior), *see also Gerawan Farming, Inc. v. Rehrig Pac. Co.*, 2013 WL 492103, at *3–*7 (E.D. Cal. 2013) (denying parties' motion to compel discovery from each other for being untimely where the motions were filed on the last day of the extended discovery period); *see also Meds. Co. v. Mylan Inc.*, 2013 WL 120245, at *3 (N.D. Ill. 2013) (denying motion to compel accused infringer to produce a witness where 30(b)(6) notice had been served months before motion, even though motion filed within discovery period).

**C. Enviro Tech Was Not Diligent in Pursuing e-Discovery and Its Requests Are Disproportionate to the Needs of This Case**

Safe Foods has maintained since the outset of this case that burden and cost associated with e-discovery necessitates an order for discovery into electronically stored information ("ESI") and proposed such an order in the October 8, 2021 Rule 26(f) report. Dkt. 27 at 7. Enviro Tech's characterization that it has never agreed to an ESI order and has always opposed one is simply not true. At the time of the Rule 26(f) report, Enviro Tech took "no position" on the issue of Safe Foods' proposed ESI order, characterizing Safe Food's ESI proposal as "unreasonable at this early stage of the litigation," and then proposed to "confer again" after the parties had served "initial disclosures and first set of written discovery requests," which also occurred in October 2021. *Id.*

Enviro Tech did not make any requests for email production following initial disclosures and was silent on the issue for **over a year**. Only when Enviro Tech's new counsel made appearances in November of 2022, following the *Markman* hearing, did Enviro Tech suddenly demand that Safe Foods produce emails. Ex. 2 (Nov. 18, 2023 email from S. Ogden); *see also* Dkt. 72–74 (Nov. 3, 2022 notice of appearance).

Safe Foods again proposed an ESI order and an orderly process for e-discovery that would apply to **both** parties, which Enviro Tech summarily rejected. Safe Foods also proposed a list of e-discovery terms which Enviro Tech also rejected. Ex. 3 (Nov. 30, 2022 email from B. Simmons). While the claims of the '321 Patent are directed to the application of peracetic acid ("PAA") in poultry chillers, Enviro Tech rejected any limitation to that effect to search Safe Food's ESI. Ex. 4 (Nov. 30, 2022 email from S. Ogden). Instead, Enviro Tech's overbroad search proposal is a fishing expedition into all Safe Foods emails and ESI related to PAA (and other products) without limitations tied to its patent claims. As proposed, Enviro Tech's search terms produced over 200,000 "hits," an unduly burdensome amount to review under any circumstance, much less within the ten days between Enviro Tech's renewed production demand and the filing of its Motion to Compel. *See* Fed. R. Civ. P. 26(b)(2)(B) ("*Specific Limitations on Electronically Stored Information*. A party need not provide discovery of electronically stored information from sources that the party identifies as not reasonably accessible because of undue burden or cost . . .").

Rather than work with Safe Foods to develop a mutually acceptable e-discovery plan, Enviro Tech disingenuously claims that it "has completed its search of all relevant ESI (including email) and produced documents responsive to all of Defendant's document requests." Dkt. 101 at 2. But this claim is contradicted by Enviro Tech's own exhibits and its behavior during the deposition of inventor Michael Harvey. First, Enviro Tech proclaims that it has produced

documents with "significantly broader search parameters than proposed to Defendant," and references its own Exhibit H. However, Exhibit H does not disclose what search terms Enviro Tech used, it merely states that Enviro Tech "does not believe" that Safe Foods proposed search terms will return more results, without informing Safe Foods of the terms used by Enviro Tech.



Dkt. 101-8 at 3. Indeed, in response to one set of terms provided by Safe Foods, Enviro Tech did not even address the proposed terms.



Further, Enviro Tech conveniently located an unproduced email calendar meeting invitation during its rebuttal examination of Michael Harvey. ███████████████████

████████████████████████████████████████

████████████████████ Enviro Tech's late production of this document—during the deposition, no less—undercuts its statement that "Responsive documents relating to ████████ have been caught by these searches." The Court should deny Enviro Tech's Motion to Compel as seeking e-discovery that is unduly burdensome and disproportionate to the needs of the case under Rule 26. Likewise, Enviro Tech's own failure to produce relevant documents and refusal to negotiate with Safe Foods in good faith militates against granting Enviro Tech's Motion.

### D. Enviro Tech's Other Demands Suffer the Same Deficiencies

Prior to Enviro Tech declining to provide discovery responses on the day the *Markman* Order issued, Safe Foods was working to supplement its interrogatory materials and to obtain permissions to supplement its production of third-party materials. When the parties agreed to pause discovery in light of the Court's Order, Safe Foods ceased these efforts as they were burdensome to both itself and its customers. Enviro Tech did not pursue this discovery at all during the four-month period following the *Markman* Order. As with ESI, the Court should not order Safe Foods to undertake a burdensome production of now-irrelevant material that Enviro Tech failed to diligently pursue during discovery.

## III. CONCLUSION

Enviro Tech should not have filed this motion. The Court's *Markman* Order renders all asserted claims invalid as indefinite. There is no reason to pursue discovery that only pertains to invalid claims. For that reason alone, Enviro Tech's Motion to Compel should be denied. Even on the merits this motion should be denied. Enviro Tech agreed to – indeed, Enviro Tech initiated – a pause of discovery following the Court's *Markman* Order, did not make any efforts afterwards to obtain the material that it now allegedly "needs," and waited until the eve of the close of discovery to make production demands that Safe Foods could not possibly satisfy in the amount of time given. Therefore, Enviro Tech's Motion to Compel should also be denied because of Enviro Tech's lack of diligence in pursuing its unduly burdensome requests.

Dated:  May 2, 2023

Respectfully submitted,

Amir H. Alavi (*pro hac vice*)
Scott W. Clark (*pro hac vice*)
Brian E. Simmons (*pro hac vice*)
Steven T. Jugle (*pro hac vice*)
Joshua Wyde (*pro hac vice*)
Justin Chen (*pro hac vice*)
ALAVI & ANAIPAKOS PLLC
3417 Mercer Street, Suite C
Houston, Texas 77027
Telephone: (713) 751-2362
Facsimile: (713) 751-2341
Email:  aalavi@aatriallaw.com
        sclark@aatriallaw.com
        bsimmons@aatriallaw.com
        sjugle@aatriallaw.com
        jwyde@aatriallaw.com
        jchen@aatriallaw.com

Jess L. Askew, III, Ark. Bar No. 86005
Frederick H. Davis, Ark. Bar No. 2012271
KUTAK ROCK LLP
124 West Capitol Avenue, Suite 2000
Little Rock, AR 72201
Telephone: (501) 975-3000
Facsimile: (501) 975-3001
Email:  jess.askew@kutakrock.com
        frederick.davis@kutakrock.com

**ATTORNEYS FOR DEFENDANT
SAFE FOODS CORPORATION**

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I hereby certify that the foregoing document was filed under seal pursuant to the Protective Order entered in this matter.

Dated:        May 2, 2023                          /s/
                                                   Frederick H. Davis

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing document has been filed by hand delivery to the Court and served on all counsel of record by electronic mail on May 2, 2023.

Dated:        May 2, 2023                          /s/
                                                   Frederick H. Davis