# EXHIBIT 4

| | |
|---|---|
| **From:** | Seth Ogden |
| **To:** | Brian Simmons; Scott Clark; SFC-AAExternal; Amir Alavi; Steve Jugle; Joshua Wyde; Justin Chen; jess.askew@kutakrock.com; frederick.davis@kutakrock.com |
| **Cc:** | Nathan North; Wesley Barbee; John W. Stevens; Ryan D. Levy; Litigation |
| **Subject:** | RE: Enviro Tech v. Safe Foods \| Nov 18 correspondence |
| **Date:** | Wednesday, November 30, 2022 5:24:10 PM |

Brian,

Thank you for your proposal. Starting first with your question regarding Enviro Tech's email search. Enviro Tech searched the email accounts of six custodians: Mike Harvey, John Howarth, Brent Bankosky, Tina Rodriguez, Todd Wiseman, and Steven Jacobs. We used the following search terms:

-peracetic
-PAA
-alkaline
-Pilgrim!
-Zee
-Zeco (maybe we add a question to Mike about any other names they may be referred to)
-Vincit
-patent
-licens!
-10912321
-10,912,321
-321
-13/199,029
-13199029
-13/199029
-029
-2012/0244261
-12/0244261
-20120244261
-120244261
-261
-antimicrobial
-weight (or increas! & weight)
-SafeFoods (maybe we add a question to Mike about any other names they may be referred to)
-"Safe Foods"
-pH /s (adjust! alter!)
-Chattanooga (maybe also Arkansas and any towns to the extent that would help Robert)
-respiratory
-respiratory irrita! (irrita! Is meant to capture iterations of "irritation" and "irritate")
-eye irrita!
-Coronis
-"on-site generation"
-"weight gain"
-8,856,449
-8856449

We disagree with many of your arguments regarding the breadth of certain search terms. For

example, Zee Company similarly argued in concurrent litigation that "peracetic acid" was overbroad. The magistrate disagreed: "when you make a blanket statement that the search for the term – e-mails containing the term "peracetic acid" is overly broad, I'm not convinced that it would be." And, not surprisingly, the judge was correct. Furthermore, we were surprised that you did not even propose various product names for the products that Safe Foods sells to be used in chill tanks, including "Promoat" (Safe Foods' PAA product for poultry applications involving the MARC System) and "Ajust" (Safe Foods' caustic for use poultry applications involving the MARC System). Nor did you propose the name of the very system that is involved in automating steps of the infringing process "MARC". At the very least, these three terms should be included. For example, in responding to Safe Foods' most recent interrogatories and requests for production, Enviro Tech has utilized the product names identified in its interrogatories to search for the requested financial information. As your current proposed search terms stand, it appears that they would fail to retrieve vast amounts of responsive data. These comments are just based on our initial review. Once we've had additional time to consider your proposed search terms, we will suggest further search terms in a follow-up email. We also reiterate that, to the extent your service technicians and other account managers communicate with customers via text, those texts should be collected and searched. We are aware that it is common within the industry for text messaging to be used when adjustments need to be made to flow and injection rates of chemicals into chill tank management systems.

Regards,
Seth

**From:** Brian Simmons <bsimmons@aatriallaw.com>
**Sent:** Wednesday, November 30, 2022 4:06 PM
**To:** Seth Ogden <sro@iplawgroup.com>; Scott Clark <sclark@aatriallaw.com>; SFC-AAExternal <SFC-AAExternal@aatriallaw.com>; Amir Alavi <aalavi@aatriallaw.com>; Steve Jugle <sjugle@aatriallaw.com>; Joshua Wyde <JWyde@aatriallaw.com>; Justin Chen <JChen@aatriallaw.com>; jess.askew@kutakrock.com; frederick.davis@kutakrock.com
**Cc:** Nathan North <nin@iplawgroup.com>; Wesley Barbee <wmb@iplawgroup.com>; John W. Stevens <jws@iplawgroup.com>; Ryan D. Levy <rdl@iplawgroup.com>; Litigation <Litigation@iplawgroup.com>
**Subject:** RE: Enviro Tech v. Safe Foods | Nov 18 correspondence

Seth,

With respect to Safe Foods' email custodians, Safe Foods proposes those individuals it has listed in its Initial Disclosures, namely Tim Yeaman, Shane Gilliland, Kelly Conley, Rusty Gabriel, and Jude Cambre.

With respect to search terms, most of the terms you propose in your November 22nd email are too broad if applied to search Safe Foods' emails.

-        <u>peracetic</u>.  This term is too broad. For example, peracetic acid is used in processes in poultry plants completely unrelated to the patent, e.g., dips. Moreover, peracetic acid can              be used

as a general disinfectant for surfaces and can be used in the treatment of fruits and vegetables. The term would need to be coupled with other limiting terms.

- <u>PAA.</u>  For the same reasons as "peracetic," this term is too broad.
- <u>alkaline</u>. This term is too broad. For example, alkaline compounds, such as caustic, are used alone or in combination with other chemicals in processes in poultry plants completely unrelated to the patent, e.g., scalder, dips. The term would need to be coupled with other limiting terms.
- <u>patent</u>.  This term is too broad. The term would need to be coupled with other limiting terms, such as the patent number.
- <u>licens!</u>.  This term is too broad.  The term would need to be coupled with other limiting terms.
- <u>10912321 OR 10,912,321 OR 321</u>. The first two terms are acceptable. The final term is acceptable if coupled with "patent."
- <u>13/199,029 OR 13199029 OR 13/199029.</u> These terms are acceptable.
- <u>2012/0244261 OR 12/0244261 OR 20120244261 OR 120244261</u>.  These terms are acceptable.
- <u>antimicrobial</u>.  This term is too broad. The term is applicable to numerous processes in poultry plants and non-poultry processing facilities completely unrelated to the patent, including in describing a surface disinfectant used in sanitization operations. The term would need to be coupled with other limiting terms.
- <u>weight (or increas! & weight)</u>. The term is too broad. The term could be used in emails discussing numerous topics having nothing to do with the accused processes. The term would need to be coupled with other limiting terms.
- <u>SafeFoods OR "Safe Foods"</u>. The terms are too broad. It is entirely unreasonable to search for the producing party's name. For example, the signature line of every email might include the words "Safe Foods." Our proposed ESI order recognizes that a producing party searching for its own name is indiscriminate.
- <u>pH /s (adjust! alter!)</u>. The terms are too broad. pH and the adjustment of pH are relevant to processes in poultry plants completely unrelated to the patent, e.g., dips. The term would need to be coupled with other limiting terms.

Safe Foods suggests the following terms for its email custodians:

(PAA or peroxyacetic or peracetic) & pH & (adjust! or alter!) & chill!
(PAA or peroxyacetic or peracetic) & pH & (measur!) & chill!
(PAA or peroxyacetic or peracetic) & (caustic or alkaline) & chill!
(PAA or peroxyacetic or peracetic) & (increas! & weight) & chill!
pH & (adjust! or alter!) & (weight /s (increas! or gain))
(10912321 OR 10,912,321 OR (321 & patent)
13/199,029 OR 13199029 OR 13/199029
2012/0244261 OR 12/0244261 OR 20120244261 OR 120244261)
EnviroTech or "Enviro Tech"

With respect to the production of email by Enviro Tech, as an initial step in assessing the need for further email search efforts, we need a better understanding of the methodology that Enviro Tech used in identifying the email it has already produced. In that regard, please identify the custodians

whose email was searched and identify the search terms or other methodology that was used to isolate the produced email of those custodians.

Best regards,

Brian Simmons

# Brian E. Simmons
ALAVI & ANAIPAKOS PLLC, OF COUNSEL

T 713.751.2372 | F 713.751.2341 | W www.aatriallaw.com

This electronic message has been sent by Alavi & Anaipakos, PLLC and any files transmitted with it may contain sensitive, privileged, and/or confidential material intended only for the use of the named recipient(s). If you have received this email in error, please notify the sender immediately and do not disclose the contents or make copies thereof. Please note that any unauthorized disclosure, copying, distribution, or use of the contents of this message is prohibited.

**From:** Seth Ogden <sro@iplawgroup.com>
**Sent:** Wednesday, November 23, 2022 2:59 PM
**To:** Scott Clark <sclark@aatriallaw.com>; SFC-AAExternal <SFC-AAExternal@aatriallaw.com>; Amir Alavi <aalavi@aatriallaw.com>; Brian Simmons <bsimmons@aatriallaw.com>; Steve Jugle <sjugle@aatriallaw.com>; Joshua Wyde <JWyde@aatriallaw.com>; Justin Chen <JChen@aatriallaw.com>; jess.askew@kutakrock.com; frederick.davis@kutakrock.com
**Cc:** Nathan North <nin@iplawgroup.com>; Wesley Barbee <wmb@iplawgroup.com>; John W. Stevens <jws@iplawgroup.com>; Ryan D. Levy <rdl@iplawgroup.com>; Litigation <Litigation@iplawgroup.com>
**Subject:** RE: Enviro Tech v. Safe Foods | Nov 18 correspondence

Counsel,

We look forward to receiving your proposal on November 30. As I stated previously, we will evaluate whether we can agree to your proposed model order once we have received your proposed custodian list and search terms. Also, we clarify that our statement regarding the company name was with regard to Safe Foods potentially needing to search for "Enviro Tech" in its files. We agree that having a party search for its own company name makes no sense.

Mr. Harvey cannot agree to postpone his deposition. First, Mr. Harvey has already adjusted his personal schedule and reserved travel and lodging to accommodate the deposition and preparation therefor. I have also blocked off time in my calendar, including declining other requests during that time, to accommodate the deposition and preparation therefor. We remind you that Safe Foods's own subpoena requested this date for the deposition. Second, if Safe Foods wished to question Mr.

Harvey regarding emails during its deposition, it could have sought those emails. It did not. Safe Foods did not issue a subpoena duces tecum to Mr. Harvey. Nor did Safe Foods seek such discovery from Enviro Tech after the failure of the parties to negotiate an ESI order. The parties' joint statement in their Rule 26(f) planning meeting report clearly contemplated such email discovery. And, as sophisticated patent litigators, you should have known that Enviro Tech has a litigation hold in place that has preserved all relevant ESI, including Mr. Harvey's email files. Third, a review of our document analytics indicates that Enviro Tech has already produced 1,625 emails that included Mr. Harvey, despite there being no agreement on an ESI order. That production was completed on October 31, 2022. Based on the coextensive nature of your document requests with those propounded by Zeco in that litigation (for which we have served as counsel since Zeco filed the action), we believe that the emails produced are those responsive to Safe Foods' requests. This is particularly true since Safe Foods propounded Request for Production No. 48, which sought:

> All non-public pleadings and documents from any lawsuit involving Plaintiff in any court or other judicial proceeding involving the Asserted Patents(s), including without limitation, Zeco, LLC v. Enviro Tech Chemical services, Inc., C.A. No. 1:21-cv-00079, U.S. District Court for the Eastern District of Tennessee, said non-public pleadings and documents to include without limitation all Prior Art, deposition transcripts, hearing transcripts, trial transcripts, associated exhibits, interrogatory responses, request for admission responses, fact and/or expert witness declarations and expert reports

and for which Enviro Tech responded by producing all documents produced to Zee in that matter. Although we will undertake additional searches once we have reached agreement on search terms, we do not expect to identify many additional responsive emails, if any at all. Notably, you served Mr. Harvey with the deposition subpoena on November 4 (in Texas) and on November 5 (California), after Safe Foods had received his 1,625 emails, so you have had what you needed to prepare since before you served the subpoena. Fourth, your request to postpone is not well taken considering that Safe Foods originally provided dates of availability for Mr. Harvey's deposition that fell in January 2023. Safe Foods responded, in its November 3, 2022, email that:

> The proposed deposition dates for Mr. Harvey—during the last week of fact discovery—are unacceptable. Mr. Harvey's deposition was first requested during our October 12 meet-and-confer (as confirmed by Mr. Jugle's October 13 email) and it is unreasonable for Mr. Harvey to refuse to make himself available for deposition for the better part of three intervening months.

> As you know, Mr. Harvey is the first named inventor of the '321 Patent and he will undoubtedly possess key information that Safe Foods will need before the end of the discovery period (e.g, the identification of additional persons with knowledge that may need to be deposed).  It for these very reasons that Safe Foods requested Mr. Harvey's deposition several months before the close of fact discovery.

Rather than further discuss the matter, Safe Foods noticed his subpoena with the December 7, 2023, date. Considering that you had the exact emails which you now suggest are needed to take his deposition at the time you wrote that email, we cannot understand this abrupt change in Safe

Foods' position.

December 7 is the agreed-upon date for the deposition and is Safe Foods opportunity to depose Mr. Harvey. Counsel still has two weeks to review the 1,625 emails produced (all of which contain full metadata to accommodate any type of searching necessary) and prepare for the deposition on the date it unilaterally imposed. If Safe Foods refuses to abide by its agreement, we are available to meet and confer on Friday or Monday.

We hope that you have a safe and enjoyable Thanksgiving.

Regards,
Seth

**From:** Scott Clark <sclark@aatriallaw.com>
**Sent:** Wednesday, November 23, 2022 1:48 PM
**To:** Seth Ogden <sro@iplawgroup.com>; SFC-AAExternal <SFC-AAExternal@aatriallaw.com>; Amir Alavi <aalavi@aatriallaw.com>; Brian Simmons <bsimmons@aatriallaw.com>; Steve Jugle <sjugle@aatriallaw.com>; Joshua Wyde <JWyde@aatriallaw.com>; Justin Chen <JChen@aatriallaw.com>; jess.askew@kutakrock.com; frederick.davis@kutakrock.com
**Cc:** Nathan North <nin@iplawgroup.com>; Wesley Barbee <wmb@iplawgroup.com>; John W. Stevens <jws@iplawgroup.com>; Ryan D. Levy <rdl@iplawgroup.com>; Litigation <Litigation@iplawgroup.com>
**Subject:** RE: Enviro Tech v. Safe Foods | Nov 18 correspondence

Counsel,

The ESI Order proposed is based substantially on the Model Order for Patent Cases from the EDTX. Although neither party is bound by the practices from that district, given its extensive experience with patent cases and email discovery, we believe it strikes a fair balance between burden and proportionality. Although we have curtailed the scope slightly, this is a recognition of the negotiation of an ESI order at the end of fact discovery, rather than the outset of the case. It would be helpful if you could provide a redline of the proposal so that we can understand your position and reach a mutual agreement.

Although we are happy to propose custodians and search terms for your consideration, you are in a better position to prioritize the issues for which you seek email discovery. Indeed, there has already been extensive discovery in this case from which an informed decision can be made, including the exchange of initial disclosures, written discovery responses and the production of documents. Nonetheless, we will make a proposal on November 30, and

provide comments/edits to your proposed custodians and search terms (which we understand would be run against Enviro Tech's custodians). However, we maintain that the number of custodians (at 5) and searches (at 8) should be sufficient at this late stage of the case, which we think will become more evident based upon our forthcoming comments and proposal.

However, to be clear, having Safe Foods—as the producing party—include its own company name in potential searches most certainly will result in an excessive number of irrelevant hits since virtually every email will include the company name. Hence, we do not understand your rejection of this provision, which was lifted, verbatim, from the Model Order. In any event, the use of indiscriminate search terms is counterproductive, since it will necessarily delay this process, as excessive hit totals will require narrowing search term revisions and additional, iterative searches.

Lastly, when we requested the individual deposition of Mike Harvey, we did not anticipate that Plaintiff would seek email discovery. However, because we expect that this process will result in the production of additional email from Mr. Harvey (given your identification of him as a custodian in your November 22 email), we will need to postpone Mr. Harvey's deposition until January 2023.

Thanks,
Scott

**From:** Seth Ogden <sro@iplawgroup.com>
**Sent:** Tuesday, November 22, 2022 2:02 PM
**To:** Scott Clark <sclark@aatriallaw.com>; SFC-AAExternal <SFC-AAExternal@aatriallaw.com>; Amir Alavi <aalavi@aatriallaw.com>; Brian Simmons <bsimmons@aatriallaw.com>; Steve Jugle <sjugle@aatriallaw.com>; Joshua Wyde <JWyde@aatriallaw.com>; Justin Chen <JChen@aatriallaw.com>; jess.askew@kutakrock.com; frederick.davis@kutakrock.com
**Cc:** Nathan North <nin@iplawgroup.com>; Wesley Barbee <wmb@iplawgroup.com>; John W. Stevens <jws@iplawgroup.com>; Ryan D. Levy <rdl@iplawgroup.com>; Litigation <Litigation@iplawgroup.com>
**Subject:** RE: Enviro Tech v. Safe Foods | Nov 18 correspondence

Counsel,

We ask, as requested in our letter, that you please provide proposed custodians and search terms. The party who possesses the ESI is in the best position to determine what search strategy will

"ensure that all documents within [the client's] knowledge are retrieved." *Brown v. Tellermate*, No. 2:11-cv-1122, 2014 WL 2987051 (S.D. Ohio July 1, 2014); *see also Novelty, Inc. v. Mountain View Mktg., Inc.*, 265 F.R.D. 370, 377 (S.D. Ind. 2009) ("Novelty also requested that Mountain View propose electronic search terms for Novelty's email server, thus obviously attempting to shift responsibility for ensuring the completeness of Novelty's production to Mountain View. [Dkt. 167-17 at 2.] Mountain View declined Novelty's invitation, properly so…."). Absent a reasonable proposal, we cannot evaluate the propriety of your proposed ESI order. For example, there is no way to agree that five custodians and eight search terms are sufficient without knowing the proposed custodians and search terms. We also disagree that, in this matter, a search for the producing company's name or product name is "inappropriate unless combined with narrowing search criteria that sufficiently reduce the risk of overproduction." That can only be known by performing an initial search before performing a collection, which is an easy task for the parties' IT professionals. We further disagree that the parties' failure to resolve these issues somehow warrants limiting their obligations to something less than what is required under the Federal Rules of Civil Procedure.

As you know, Enviro Tech has already produced a large volume of emails and other ESI. To the extent that Safe Foods requests additional searching, our proposed custodians are Mike Harvey, John Howarth, Todd Wiseman, Brent Bankosky, and Tina Rodrigues. We do not agree that eight search terms are sufficient. We propose the following search terms:

-peracetic
-PAA
-alkaline
-patent
-licens!
-10912321 OR 10,912,321 OR 321
-13/199,029 OR 13199029 OR 13/199029
-2012/0244261 OR 12/0244261 OR 20120244261 OR 120244261
-antimicrobial
-weight (or increas! & weight)
-SafeFoods OR "Safe Foods"
-pH /s (adjust! alter!)

We look forward to receiving your proposal by Tuesday, November 29, so that we may evaluate the propriety of the ESI order.

Regards,
Seth

**From:** Scott Clark <sclark@aatriallaw.com>
**Sent:** Tuesday, November 22, 2022 12:53 PM
**To:** Seth Ogden <sro@iplawgroup.com>; SFC-AAExternal <SFC-AAExternal@aatriallaw.com>; Amir Alavi <aalavi@aatriallaw.com>; Brian Simmons <bsimmons@aatriallaw.com>; Steve Jugle <sjugle@aatriallaw.com>; Joshua Wyde <JWyde@aatriallaw.com>; Justin Chen <JChen@aatriallaw.com>; jess.askew@kutakrock.com; frederick.davis@kutakrock.com

**Cc:** Nathan North <nin@iplawgroup.com>; Wesley Barbee <wmb@iplawgroup.com>; John W. Stevens <jws@iplawgroup.com>; Ryan D. Levy <rdl@iplawgroup.com>; Litigation <Litigation@iplawgroup.com>
**Subject:** Enviro Tech v. Safe Foods | Nov 18 correspondence

Counsel,

We are in receipt of a pair letters from you dated November 18, one addressing ESI, the other Safe Foods' Interrogatory Responses. We address each, in turn, below.

**ESI.** As we stated at the very outset of this case—both in the Rule 26(f) report and in multiple meet-and-confer in advance of that filing—given the burden and cost associated with e-discovery, Safe Foods objects to the production of e-discovery without an ESI order. *See* Dkt. 27. Accordingly, Safe Foods proposed the entry of an ESI Order at that time—a proposal that Plaintiff rejected. *Id.* Instead, Plaintiff took "no position" on the issue, characterizing Safe Food's ESI proposal as "unreasonable at this early stage of the litigation," and then proposed to "confer again" after the parties had served "initial disclosures and first set of written discovery requests," which occurred in October 2021. *See* Dkt. 27 at 7. Now, over a *year* later and very late in fact discovery (and on the eve of the holiday season), Plaintiff complains that Safe Foods has failed to produce email, despite its complete lack of diligence—and failure to engage—on this very issue.

Nonetheless, our offer to negotiate a reasonable and ***mutual*** ESI Order remains—although at this late stage of the case, its scope will need to be curtailed from what was initially contemplated. And to be clear, Safe Foods expressly maintains all objections based on burden, scope, proportionality and timing. Simply put, Plaintiff cannot sit on its hands for over a year and then enlist new counsel to seek broad, burdensome, expensive and time-consuming e-discovery that it should have pursued months ago, including your new demand for text messages, which is both unduly burdensome and not proportional to the needs of the case, especially at this late stage.

In any event, attached, please find a proposed ESI Order for your consideration. Given the late stage of the case, this is a stream-lined proposal that seeks to expedite a mutual, ESI discovery process. In view of the foregoing, your request for a meet-and-confer on this issue—raised for the first time, less than two business days prior—is premature, unreasonable and unproductive.

**Interrogatory Responses.** We are in the process of investigating the issues raised in your November 18 letter regarding Safe Foods's interrogatory responses and will endeavor to provide supplemental responses, if warranted, on or before December 16, 2022. However, your demand for a supplemental response by December 2 is unreasonable given the intervening holidays and in view of Plaintiff's case conduct and lack of diligence.

First, your letter was received after the close of business on the Friday before the week of Thanksgiving. Our investigation will require consultation with our client which will be hampered by the intervening holidays.

Second, these interrogatory responses were served on Enviro Tech over a *year* ago; specifically, November 8, 2021. To the extent that Plaintiff had issues with these responses, it should have raised them months ago, not at the end of fact discovery in the teeth of the year-end holidays.

And third, your demand is wholly inconsistent with Enviro Tech's own conduct in this litigation. Indeed, by way of example, as recently as September 14, in a 2-page letter (as opposed to your 4-page letter), we identified numerous deficiencies with respect to Enviro Tech's interrogatory responses. Many of these issues were not new and had been raised in prior correspondence. Nonetheless, for numerous reasons, Plaintiff was unable to supplement its responses until October 31—some six weeks later.  This was not an isolated event. Although we do not expect to require a comparable amount of time to complete our investigation, it is certainly unreasonable for Enviro Tech to make demands of Safe Foods that it cannot meet itself, particularly in view of breadth of issues raised in your letter for the first time.

Thanks,

Scott W. Clark
ALAVI & ANAIPAKOS PLLC, Partner
T 713.751.2366 | F 713.751.2341 | W aatriallaw.com

This electronic message has been sent by Alavi & Anaipakos, PLLC and any files transmitted with it may contain sensitive, privileged, and/or confidential material intended only for the use of the named recipient(s). If you have received this email in error, please notify the sender immediately and do not disclose the contents or make copies thereof. Please note that any unauthorized disclosure, copying, distribution, or use of the contents of this message is prohibited.